■ MARCIA SVETKEY, Respondent, v. CROSSWAY MOTOR HOTELS, INC., et al., Appellants, et al., Defendants.— In an action for a mandatory injunction (1) to compel the retransfer of certain debentures and stocks; (2) to compel the sale thereof to plaintiff pursuant to a stockholders' agreement; (3) to compel certain defendants to account for and pay over profits from certain transactions or to account for the losses therefrom; and (4) for further relief by way of punitive damages and counsel fees against certain defendants, the latter appeal from an order of the Supreme Court, Westchester County, entered August 18, 1965, which on plaintiff's motion granted partial summary judgment with respect to their answer and denied defendants' cross motion for summary judgment dismissing the complaint. Order modified to the extent of deleting its first and third decretal paragraphs and by substituting therefor a provision that plaintiff be granted partial summary judgment to the extent of declaring: (a) that the letter of September 15, 1961, together with the prospectus, do not constitute an offer within the terms of the stockholders' agreement among the stockholders of Bristol Motel, Inc. and Green Lane Realty, Inc., dated August 30, 1957; and (b) that the plaintiff did not give a waiver pursuant to the agreement. As so modified, order affirmed, without costs. In our opinion,

the court below was correct in ruling as a matter of law that the letter of September 15, 1961 and the prospectus did not constitute a first refusal offer which all stockholders of Bristol Motel, Inc., and Green Lane Realty, Inc., were bound to make to one another pursuant to the stockholders' agreement of August 30, 1957; and that the plaintiff did not waive her rights under the agreement which provided that it could not be amended, altered or abrogated except in writing (General Obligations Law, § 15-301). We are of the further opinion, however, that in order to avoid confusion at the trial the pleadings should remain in their original form in order that the trial court may freely decide the best course to follow, should the defendants sustain their equitable defenses. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.